843 P.2d 170

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Phillip Allen WARREN, Defendant–Appellant.**

**No. 19733.**

Court of Appeals of Idaho.

Dec. 3, 1992.

Thomas D. Kershaw, Jr., May & May Law Offices, Twin Falls, for appellant.

Larry J. EchoHawk, Atty. Gen. and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

In 1988, Phillip Allen Warren was convicted of aggravated battery. I.C. § 18-907(a). Warren was sentenced to a unified term of ten years with five years fixed. The sentence was suspended and he was placed on probation. Warren's probation was revoked for using methamphetamines; the court retained jurisdiction for 180 days, after which he was again placed on probation and ordered to enter a drug treatment facility in Orofino. Warren left the drug program before he finished treatment. Warren again violated probation by leaving the state without permission.

On October 16, 1990, an information was filed against Warren for the possession of methamphetamines. I.C. §§ 37-2732(c)(1), 37-2707(d)(2). Warren's probation revocation hearing was combined with the possession charge. Pursuant to I.C.R. 11 a plea agreement was reached wherein Warren would admit the probation violation and plead guilty to the possession charge in exchange for the prosecution's recommendation that any incarceration on the possession charge would run concurrently with the sentence previously imposed for the aggravated battery. At the hearing, Warren argued that the sentence for the battery conviction should be reduced. After consideration of mitigating testimony, the court reduced the fixed portion of the original battery sentence to three years and then sentenced Warren to a concurrent fixed term of two years for possession.[1] Warren subsequently filed timely Rule 35 motions, which were denied. Warren appeals the sentence imposed on the possession conviction, and the orders denying his Rule 35 motions with respect to both sentences. We affirm.

Warren acknowledges the following: the sentences are legal; the sentencing court must abuse its discretion for this Court to overturn a sentence; to be an abuse of discretion a sentence must be unreasonable on the facts of the case; the objective of sentencing is to protect society, and achieve the goals of deterrence, rehabilitation and retribution; and the court's focus should be on the nature of the offense and the character of the offender. *See State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978); *State v. Nice*, 103 Idaho 89, 91, 645 P.2d 323, 325 (1982); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982); *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). We agree with these statements of the law.

Warren incorrectly points to the nature of the probation violation by arguing that his violation was trivial. This Court must look at the nature of the original criminal offense, in this case aggravated battery where Warren bit off his victim's ear. In regard to the character of the offender at the time of the battery, the only fact in the record we have been presented on appeal is that Warren had a drug problem. Warren "bears the burden of presenting a record sufficient" for us to evaluate the merits of his claim. *State v. Wright*, 114 Idaho 451, 453, 757 P.2d 714, 716 (Ct.App.1988) (citing *State v. Rundle*, 107 Idaho 936, 694 P.2d 400 (Ct.App.1984). The record on this appeal fails to contain the presentence investigation report or transcript from the sentencing hearing on the battery conviction. Without a more complete record and no argument by Warren as to why the sentence was unreasonable we affirm the court's decision to reduce his aggravated battery sentence to three years' fixed with ten years' indeterminate. We also affirm the order denying the Rule 35 motion with respect to this sentence.

Similarly, with respect to the sentence on the possession conviction, we are

---

1. The indeterminate portion of the sentence on the possession charge was set at five years. This was later discovered to be longer than the statutory maximum, I.C. § 18-908, thus, the court reduced the indeterminate portion to three years.

presented with a minimal record on which to review the sentence or the denial of the Rule 35 motion. However, the transcript of the revocation/sentencing hearing does provide enough information for us to affirm the district court, particularly in view of the limited conclusory argument made by Warren claiming the sentence was "excessive," "unnecessary," and harsh given the fact that he had remained drug free and held a job. The transcript contains testimony that Warren was drug free and working, however, it is inescapable that Warren, while supposedly drug free, was arrested for this possession charge. Warren admitted he had been mailed methamphetamines and therefore was in fact not drug free at the time of his arrest. Additionally, Warren had had prior drug involvement, he had multiple probation violations in the past, and was absconding while he was on the job just prior to his arrest. Therefore, we affirm the sentence and the court's denial of Warren's Rule 35 motion.

The judgment of conviction and sentence on the possession charge, and the order denying the Rule 35 motion with respect to this sentence, are affirmed. The order denying the Rule 35 motion to reduce the sentence imposed on the aggravated battery charge is also affirmed.