25 P.3d 859

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Phillip Allen WARREN, Defendant–Appellant.**

**State of Idaho, Plaintiff–Respondent,**

v.

**Philip A. Warren, Defendant–Appellant.**

**Philip A. Warren, Petitioner–Appellant,**

v.

**State of Idaho, Respondent.**

Nos. 25594, 26095, 26096.

Court of Appeals of Idaho.

March 29, 2001.

Ronaldo A. Coulter, State Appellate Public Defender; Molly J. Huskey, Deputy Appel-

late Public Defender, Boise, for appellant. Molly J. Huskey, argued.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger II, Deputy Attorney General, Boise, for respondent. T. Paul Krueger II, argued.

SCHWARTZMAN, Chief Judge

In this consolidated appeal, Phillip Allen Warren argues that the district court erred in denying his motion to withdraw his guilty plea to felony eluding an officer, in denying his I.C.R. 35 motion for correction of sentence, and in summarily dismissing his application for post-conviction relief. We affirm the district court's orders denying Warren's motion to withdraw his guilty plea, his Rule 35 motion, and his application for post-conviction relief.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 1998, police officers were called to assist parole officers in seizing a subject wanted on a parole violation. The subject, Warren, fled out the back window of his residence as the police approached. Warren led the police on a chase, first on foot, then in a stolen pickup truck which Warren drove into a farmer's bean field, and then on foot again through a third person's residence. Warren was found hiding under the porch of another house. Warren was charged with eluding a peace officer, a felony pursuant to I.C. § 49-1404(2), and with a persistent violator sentence enhancement, I.C. § 19-2514. Pursuant to a plea agreement, Warren entered an *Alford*[1] plea to eluding a peace officer, and the state dismissed the persistent violator enhancement.

Prior to sentencing, Warren moved to withdraw his guilty plea, asserting that he pled guilty on his counsel's advice that he would not be permitted to collaterally attack the validity of a prior felony conviction, based upon an alleged ineffective assistance of counsel claim, as a challenge to the persistent violator charge. At the hearing on his mo-

---

1. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

tion to withdraw his guilty plea, Warren testified that he only pled guilty to avoid a life sentence and was incorrectly advised by counsel that he could not attack a prior conviction. The district court denied Warren's motion to withdraw his guilty plea, ruling that the time for filing an application for post-conviction relief from Warren's prior conviction had long since passed and that he had no constitutional right to otherwise collaterally attack his prior conviction on the ground of inadequate representation. The district court also ruled that Warren's trial counsel had given him correct advice in telling him he could not collaterally attack his prior conviction as a part of his defense to the persistent violator enhancement filed by the state in this case. Warren's two motions for reconsideration were denied.

At sentencing, the district court imposed a unified term of two years' imprisonment, with one year fixed, to run consecutive to the sentence upon which Warren had been paroled and had parole revoked. This timely appeal follows.

Subsequently, Warren filed an I.C.R. 35 motion to reduce and/or correct his prior 1988 judgment of conviction and sentence for aggravated battery, which had served as one of the predicate convictions for the now dismissed persistent violator sentencing enhancement.[2] Warren's motion alleged that he had acted in self-defense and that his trial counsel had been ineffective in not presenting certain evidence on that issue, causing his conviction to be unconstitutional. The district court summarily denied Warren's Rule 35 motion from the bench. Warren filed a timely notice of appeal.

Contemporaneous with his Rule 35 motion, Warren filed an application for post-conviction relief alleging, among other things, that his trial counsel had been ineffective in failing to investigate the susceptibility of his prior conviction for aggravated battery to collateral attack on the ground of ineffective assistance of counsel. The state moved for summary dismissal on the ground that none of Warren's allegations raised a genuine is-

sue of material fact regarding ineffective assistance of counsel. Warren filed a motion in opposition. The district court held a hearing at which it granted the state's motion for summary dismissal of Warren's application for post-conviction relief. Warren appeals.

## II.

### WARREN'S MOTION TO WITHDRAW HIS GUILTY PLEA BASED UPON HIS ATTEMPT TO COLLATERALLY ATTACK A PRIOR CONVICTION FOR INEFFECTIVE ASSISTANCE OF COUNSEL AS A DEFENSE TO A PERSISTENT VIOLATOR ENHANCEMENT

#### A. Standard Of Review

 The decision to grant or deny a motion to withdraw a guilty plea prior to sentencing lies in the discretion of the district court. *State v. Carrasco*, 117 Idaho 295, 298, 787 P.2d 281, 284 (1990); *State v. McFarland*, 130 Idaho 358, 361, 941 P.2d 330, 333 (Ct.App.1997). Appellate review of the denial of a motion to withdraw a plea is limited to whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *McFarland*, 130 Idaho at 361, 941 P.2d at 333. When a district court's discretionary decision in a criminal case is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistent with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

#### B. Analysis

 Warren argues that he should have been allowed to withdraw his guilty plea prior to sentencing on the ground that his trial counsel had incorrectly advised him that

---

2. The procedural history of that case is set forth in *State v. Warren*, 123 Idaho 20, 843 P.2d 170 (Ct.App.1992).

he could not present evidence collaterally attacking his prior conviction on the ground of ineffective assistance of counsel. As explained by the Idaho Supreme Court in *State v. Harper*, 129 Idaho 86, 89–90, 922 P.2d 383, 386–87 (1996):

> A trial court's discretion in ruling on a motion to withdraw a plea should be liberally exercised. *Id.* In determining whether to grant a motion to withdraw a guilty plea, the trial court is only required to consider whether: (1) the plea was voluntary in the sense that the defendant understood the nature of the charges and was not coerced; (2) the defendant knowingly and intelligently waived his right to a jury trial, to confront accusers, and to refrain from incriminating himself; and (3) the defendant understood the consequences of pleading guilty. *State v. Mauro*, 121 Idaho 178, 180, 824 P.2d 109, 111 (1991).

Warren maintains that his former counsel's failure to present certain evidence (hospital records, etc.), contributed to his *1988* conviction for aggravated battery and constituted ineffective assistance of counsel, making that conviction constitutionally invalid for purposes of the persistent violator statute. He claims that the district court in the case at hand abused its discretion in denying his motion to withdraw his guilty plea. In analyzing Warren's claim, we must first determine whether ineffective assistance of counsel is a ground upon which a prior conviction may be found invalid for purposes of application of the persistent violator statute.[3]

■ Where the state charges a persistent violator sentencing enhancement, it bears the burden of making a "prima facie showing of the validity of a prior conviction used to enhance a pending crime." *State v. Miller*, 131 Idaho 288, 294, 955 P.2d 603, 609 (Ct.App.1997). To make such a showing, the state is only required to prove the existence of the convictions through copies of the judg-

ments of conviction or other evidence. *State v. Coby*, 128 Idaho 90, 92, 910 P.2d 762, 764 (1996); *Miller*, 131 Idaho at 294, 955 P.2d at 609; *State v. Smith*, 116 Idaho 553, 560, 777 P.2d 1226, 1233 (Ct.App.1989). As stated by the Idaho Supreme Court in *State v. Beloit*, 123 Idaho 36, 37, 844 P.2d 18, 19 (1992):

> [O]nce the State has made a prima facie showing of the validity of a prior conviction used to enhance a pending crime, the burden of going forward with proof that the conviction was defective because of the denial of some constitutional right may be placed upon the defendant without violating the United States Constitution.

By attempting to challenge the 1988 aggravated battery conviction, Warren is asking a district court to deprive a prior state court judgment of its normal force and effect in a proceeding that has an independent purpose other than to overturn that prior judgment. *See Parke v. Raley*, 506 U.S. 20, 30, 113 S.Ct. 517, 523, 121 L.Ed.2d 391, 404 (1992). The purpose of the instant proceeding was to determine whether Warren was guilty of violating an Idaho criminal statute—eluding a peace officer—and, if the persistent violator enhancement had not been dismissed as part of his plea agreement, to determine, in a bifurcated hearing, whether he was a persistent violator.

■ In *Custis v. United States*, 511 U.S. 485, 496, 114 S.Ct. 1732, 1738, 128 L.Ed.2d 517, 528 (1994), the United States Supreme Court held that a defendant's due process right to collaterally attack a conviction used for sentencing enhancement purposes in a later proceeding is limited to the constitutional defect of failure to appoint counsel. Thus, under the Due Process clause of the Federal Constitution, Warren had no constitutional right to challenge the validity of a prior conviction based upon a claim of ineffective assistance of counsel. *See also Partee v. Hopkins*, 30 F.3d 1011, 1012 (8th Cir.1994).

---

3. Idaho Code section 19–2514, the persistent violator enhancement statute, provides:

> Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

■ It is well settled that "courts have inherent power to control and prevent abuse of their orders and· processes." *Mahaffy v. State,* 87 Idaho 228, 232, 392 P.2d 279, 281 (1964). Courts of justice are universally acknowledged to be vested, by their very creation, with powers, not governed by rule or statute, to establish reasonable rules to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46–47, 111 S.Ct. 2123, 2133–34, 115 L.Ed.2d 27,45–46 (1991); *Sherwood & Roberts, Inc. v. Riplinger,* 103 Idaho 535, 540, 650 P.2d 677, 682 (1982). As noted in *Custis,* policy considerations behind ease of administration and finality of judgments support its ruling:

> Ease of administration also supports the distinction. As revealed in a number of the cases cited in this opinion, failure to appoint counsel at all will generally appear from the judgment roll itself, or from an accompanying minute order. But determination of claims of ineffective assistance of counsel, and failure to assure that a guilty plea was voluntary, would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state court transcripts or records that may date from another era, and may come from any one of the 50 States.

> The interest in promoting the finality of judgments provides additional support for our constitutional conclusion. As we have explained, "[i]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures" and inevitably delay and impair the orderly administration of justice. (Citations omitted). By challenging the previous conviction, the defendant is asking a district court "to deprive [the] [state court judgment] of [its] normal force and effect in a proceeding that ha[s] an independent purpose other than to overturn the prior judgmen[t]." (Citation omitted).

511 U.S. at 496–97, 114 S.Ct. at 1738–39, 128 L.Ed.2d at 528–29.

Warren next asserts that he is entitled to greater protections under the Idaho Constitution, Article 1 § 13. We disagree. A defendant currently may attack the validity of a conviction on direct appeal and through post-conviction relief proceedings. Idaho Criminal Rule 35 is available to attack an illegal sentence. Warren urges this court to create, from whole cloth, a fourth mechanism for attacking the validity of a prior conviction, in essence a collateral proceeding in the middle of a criminal case at which the defendant could challenge the validity of any prior judgment based upon an allegation of ineffective assistance of counsel in that prior proceeding. We reject any such invitation to deprive the prior state court judgment of its normal force and effect, on the ground asserted by Warren, in a proceeding that has an independent purpose other than to overturn that prior judgment.[4]

■ Accordingly, we hold, as did the United States Supreme Court, that a defendant may not collaterally attack a prior conviction for ineffective assistance of counsel in that prior proceeding for purposes of defending against a subsequent persistent violator enhancement under I.C. § 19–2514. We therefore conclude that the district court properly exercised its discretion in denying Warren's motion to withdraw his plea of guilty.

### III.

### THE DENIAL OF WARREN'S RULE 35 MOTION FOR CORRECTION OF SENTENCE

■ Warren argues that the district court had no power to convict him of aggravated battery in 1988 because his counsel's failure to raise the defense of self-defense constituted ineffective assistance of counsel. Warren, in effect, asserts that his 1988 sentence for the charge is illegal because his underlying conviction is illegal, all allegedly due to a never-established allegation of ineffective assistance of counsel. This Court has

---

4. A mechanism is in place for such, the Uniform Post–Conviction Procedure Act, I.C. §§ 19–4901—19-4908. At the time his prior convictions were entered, the limitation period for bringing a post-conviction proceeding to challenge the conviction was five years. Warren failed to file such an action.

previously held that the Rule 35 motion serves a much narrower purpose. It subjects only the sentence to reexamination. It cannot be used as the procedural mechanism to attack the validity of the underlying conviction. *State v. McDonald*, 130 Idaho 963, 965, 950 P.2d 1302, 1304 (Ct.App.1997); *Housley v. State*, 119 Idaho 885, 889, 811 P.2d 495, 499 (Ct.App.1991). Accordingly, we conclude that the district court did not err in summarily denying Warren's motion for correction of his 1988 sentence.

## IV.

## THE DISMISSAL OF WARREN'S APPLICATION FOR POST-CONVICTION RELIEF

### A. Appointment Of Counsel

Warren argues that the district court erred in failing to provide him with appointed counsel for his post-conviction application. We disagree. Idaho Code § 19-4904 provides that if the applicant is indigent, "a court-appointed attorney *may* be made available to the applicant." (Emphasis added). The court may decline appointment of counsel if the court "determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding." I.C. § 19-852(b)(3). Thus, under these statutes, it is within the district court's discretion to deny a motion for appointment of counsel in post-conviction proceedings if the court concludes that the claims are frivolous. *See Banks v. State*, 128 Idaho 886, 889, 920 P.2d 905, 908 (1996); *Swisher v. State*, 129 Idaho 467, 468-69, 926 P.2d 1314, 1315-16 (Ct.App.1996). Given this statutory standard, a trial court presented with a motion for appointed counsel in a post-conviction action must evaluate the application and supporting documentation to determine whether the applicant's claims are entirely frivolous or whether any claim of possible merit has been alleged, and then exercise its discretion whether to appoint counsel. *See Cowger v. State*, 132 Idaho 681, 683-84, 978 P.2d 241, 243-44 (Ct.App.1999).

We conclude that the district court implicitly determined that Warren's application for post-conviction relief was *without merit* after having previously denied Warren's motion to withdraw the guilty plea and two subsequent motions for reconsideration raising the identical issue raised in his application for post-conviction relief. Furthermore, Warren was represented by counsel on those prior motions.

Given our holding set forth above, Warren could prove no set of facts supporting his ineffective assistance of counsel claim that would entitle him to relief, with or without an attorney. Accordingly, the trial court's denial of Warren's request for counsel is affirmed.

### B. Summary Dismissal Of Warren's Application For Post-Conviction Relief

Warren's ineffective assistance of counsel claim was ripe for summary dismissal. Warren's attorney had previously advised the trial court as follows at the hearing on Warren's motion to withdraw his guilty plea:

In our discussion I informed him that I did not believe that the court would allow him to retry the case or that the court would allow him to bring evidence in which had already been presented in the trial and that he would not be able to produce the evidence that he was wanting to produce in the bifurcated trial.

I informed him that my understanding was that the State would be able to produce two previous valid felony convictions, as well as the third conviction for the felony eluding, and that it would be my responsibility or the defendant's responsibility to produce evidence that those previous convictions were invalid in some respect.

I indicated to him that the method by which we would do that would be to show that one of them had been overturned on appeal or on a post-conviction relief or some other way of showing that they were no longer valid convictions, and that another method would be to show that Mr. Warren was not the person that was convicted in that particular case.

The district court granted the state's motion for summary dismissal, explaining that

the only issue was whether Warren pled guilty because his attorney incorrectly advised him he could not collaterally attack his 1988 conviction during persistent violator proceedings in his trial for eluding a peace officer. The district court properly concluded that Warren's attorney had not misinformed him about whether he could challenge the validity of his 1988 conviction on the grounds of ineffective assistance of counsel ten years later as part of an I.C. § 19–2514 proceeding. Accordingly, Warren's application failed to raise a genuine issue of material fact, and summary disposition was correctly granted in favor of the state.

## V.

## CONCLUSION

The district court properly exercised its discretion in denying both Warren's motion to withdraw his guilty plea and his I.C.R. 35 motion. The district court, moreover, properly granted the state's motion for summary disposition as to Warren's application for post-conviction relief.

Judge LANSING and Judge Pro Tem WILPER concur.