**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41222**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 480 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 25, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CODY WILLIAM PARMER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment of conviction for felony failure to register as a sex offender, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben Patrick McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Cody William Parmer appeals from his judgment of conviction for felony failure to register as a sex offender, entered upon his conditional guilty plea preserving the right to appeal the denial of his motion to dismiss. We affirm.

## I.

## FACTS AND PROCEDURE

In August 2011, a district court entered a judgment of conviction against Parmer for battery with intent to commit a serious felony, rape, in violation of Idaho Code §§ 18-903 and 18-911. As a result of that conviction, Parmer had a duty to register as a sex offender pursuant to Idaho Code § 18-8304.

Parmer was subsequently charged with felony failure to register as a sex offender pursuant to Idaho Code §§ 18-8309 and 18-8311. Specifically, it was alleged that Parmer failed to provide written notice of a change of address. Parmer filed a motion to dismiss the charge,

1

asserting that he had no duty to register as a sex offender. Parmer's assertion was predicated on his argument that the underlying conviction creating the duty to register was invalid.

In his underlying conviction, Parmer was charged under two alternative theories, battery with intent to commit rape or battery with intent to commit statutory rape. Prior to Parmer's trial, the legislature amended the definition of statutory rape. 2010 Idaho Sess. Laws ch. 352, § 1. Parmer's alleged conduct would not have violated the redefined statutory rape section. Still, the district court denied Parmer's motion to dismiss the failure to register charge, relying upon Idaho Code § 67-513. This section provides that the repeal of a criminal law does not constitute a bar to the prosecution and punishment of an act committed in violation of the law while it was still in effect, unless a contrary intention is expressly declared in the repealing act.

Parmer entered a conditional guilty plea to the charge, reserving his right to appeal the court's denial of his motion to dismiss. The district court imposed a unified five-year sentence, with three years determinate, but suspended the sentence and retained jurisdiction. Parmer timely appeals.

## II.

## ANALYSIS

Parmer argues the district court abused its discretion by denying his motion to dismiss the charge of felony failure to register. Parmer specified three reasons in support of his position: (1) the verdict form in the underlying conviction did not indicate whether the jury convicted Parmer of battery with intent to commit forcible rape or battery with intent to commit statutory rape; (2) the conduct underlying the prior conviction was no longer covered by the statutory rape statute at the time of trial and sentencing in that case; and (3) a conviction for battery with intent to commit statutory rape would not establish a duty on Parmer to register as a sex offender.

"This Court reviews a district court's decision on a motion to dismiss a criminal action for an abuse of discretion." *State v. Martinez-Gonzalez*, 152 Idaho 775, 778, 275 P.3d 1, 4 (Ct. App. 2012) (citing I.C.R. 48(a); *State v. Dixon*, 140 Idaho 301, 304, 92 P.3d 551, 554 (Ct. App. 2004)). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it;

2

and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Parmer acknowledges that decisional law from the United States Supreme Court and Idaho Supreme Court prohibit a defendant from collaterally attacking the validity of a previous conviction with the sole exception of convictions obtained in violation of the right to counsel. *See Custis v. United States*, 511 U.S. 485 (1994); *State v. Weber*, 140 Idaho 89, 92, 90 P.3d 314, 317 (2004); *State v. Warren*, 135 Idaho 836, 839-40, 25 P.3d 859, 862-63 (Ct. App. 2001).[1] In cases such as Parmer's, a constitutional right to collaterally attack a prior conviction has been limited to violations of the right to counsel because failure to appoint counsel is a unique constitutional defect. *Custis*, 511 U.S. at 496. Parmer does not challenge the validity of the prior conviction on the basis that he was denied the right to counsel. Also, Parmer has failed to cite any authority creating an additional exception to the constitutional right to collaterally attack the validity of his previous conviction.

Accordingly, the district court was within the boundaries of its discretion in denying Parmer's motion to dismiss. Therefore, Parmer's judgment of conviction is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

---

[1] In the cases cited, the previous conviction was used for sentence enhancement purposes.