# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42492

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 515 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 10, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DAVID SCOTT BEGLEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Order denying I.C.R. 35 motion to correct an illegal sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

In 2009, David Scott Begley pled guilty to felony injury to child. Idaho Code § 18-1501(1). The district court sentenced Begley to a unified sentence of ten years with one year determinate. Begley subsequently filed a Rule 35 motion for a reduction of sentence, which the district court denied. Begley appealed and this Court affirmed Begley's judgment of conviction and sentence and the district court's denial of Begley's Rule 35 motion. *State v. Begley*, Docket No. 36676 (Ct. App. March 24, 2010) (unpublished). In March 2014, Begley filed a Rule 35 motion for correction of an illegal sentence, which was denied by the district court. Begley appeals asserting that the district court erred in denying his Rule 35(a) motion.

1

Begley argues that the district court erred in denying his I.C.R. 35(a) motion for the reason the felony injury to child statute, I.C. § 18-1501(1), is unconstitutional. Specifically, Begley contends that the statute gives the sentencing court "unbridled discretion when determining punishment between two (2) disproportionate options." A Rule 35(a) motion to correct an illegal sentence cannot be used as a procedural mechanism to attack the validity of the underlying conviction. *See State v. Warren*, 135 Idaho 836, 841-42, 25 P.3d 859, 864-65 (Ct. App. 2001), such a claim does not fall within the scope of a motion for correction of an illegal sentence under Rule 35. In an appeal from the denial of a motion under Rule 35(a) to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991). In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Court held that a Rule 35 motion to correct an illegal sentence must show that the sentence is illegal on the face of the record and does not involve significant questions of fact or require an evidentiary hearing.

Idaho Code § 18-1501(1) provides:

> Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in such situation that its person or health is endangered, is punishable by imprisonment in the county jail not exceeding one (1) year, or in the state prison for not less than one (1) year nor more than ten (10) years.

Begley entered a plea to felony injury to a child. Begley was advised that the penalty for the felony offense was punishment "in the state prison" for not less than one year nor more than ten years. He was sentenced to the state prison to a term of ten years with one year determinate. Thus, Begley was sentenced under I.C. § 18-1501(1) for a conviction for a felony offense. *See* I.C. § 18-111. The statute is unambiguous and did not provide the district court with "unbridled discretion" in imposing sentence, nor did the district court have discretion to later deem the crime a misdemeanor.

Begley has failed to demonstrate that his sentence is illegal. Thus, the district court did not err in denying his Rule 35 motion. Therefore, the district court's order denying Begley's Rule 35 motion is affirmed.