**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43430**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 666** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 31, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MELVIN ARTHUR McCABE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order denying I.C.R. 35 motion for correction of an illegal sentence, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Melvin Arthur McCabe pled guilty to possession of a controlled substance, I.C. § 37-2732(c), enhanced as a subsequent offense, I.C. § 37-2739. In exchange for his guilty plea, additional charges were dismissed. McCabe filed an I.C.R. 35 motion to correct an illegal sentence, arguing that his 1997 conviction for misdemeanor possession of drug paraphernalia could not serve as the basis for the subsequent offense enhancement. The district court denied that motion. McCabe filed motions to withdraw his guilty plea and to request a retroactive competency hearing. The district court denied both motions and McCabe appealed. In an unpublished decision, this Court affirmed both district court orders. *State v. McCabe*, Docket No. 41357 (Ct. App. Oct. 30, 2014).

1

McCabe filed a second Rule 35 motion claiming his sentence was illegal, arguing the district court lacked jurisdiction to use McCabe's 1997 misdemeanor possession of drug paraphernalia conviction as the basis for the subsequent offense enhancement. McCabe amended his Rule 35 motion, arguing the legislature did not intend for a misdemeanor possession of drug paraphernalia conviction to be the basis for the subsequent offense enhancement. The district court denied McCabe's Rule 35 motion.

On appeal, McCabe argues that his 1997 misdemeanor possession of drug paraphernalia conviction cannot be the basis for the enhancement he pled guilty to. The State argues that McCabe's Rule 35 motion is an attack on his conviction. A defendant may attack the validity of his or her conviction on direct appeal and through post-conviction relief proceedings. *State v. Warren*, 135 Idaho 836, 841, 25 P.3d 859, 865 (Ct. App. 2001). Idaho Criminal Rule 35, on the other hand, is available to attack an illegal sentence and cannot be used to attack the validity of the underlying conviction. *Warren*, 135 Idaho at 841-42, 25 P.3d at 864-65.

In reviewing McCabe's Rule 35 motion, the district court determined that it already decided the same arguments when it denied the first Rule 35 motion. The district court relied on the law of the case doctrine in denying McCabe's amended Rule 35 motion. The law of the case doctrine bars relitigation of issues in a single case and its subsequent progress. *State v. Hawkins*, 155 Idaho 69, 72, 305 P.3d 513, 516 (2013). Similarly, the law of the case generally prevents consideration on a subsequent appeal of alleged errors that might have been, but were not, raised in an earlier appeal. *Id.* Because McCabe presents the same argument regarding his enhanced sentence as he did in his first Rule 35 motion, the law of the case doctrine precludes consideration of McCabe's Rule 35 motion. Additionally, the law of the case precludes consideration of McCabe's current argument because he failed to raise it in his prior appeal of the district court's denial of his motion to withdraw his guilty plea.

On appeal, McCabe asserts the law of the case doctrine should be modified to allow his current claim. However, the law of the case doctrine is a general rule that leaves room for exceptions in the proper circumstances. *See Capps v. Wood*, 117 Idaho 614, 618, 790 P.2d 395, 399 (Ct. App. 1990) (courts generally will not consider errors which arose prior to the first appeal and which might have been raised as issues in the earlier appeal.) McCabe's third attempt to argue the sufficiency of the enhancement he pled guilty to is not a circumstance that warrants

2

an exception to the general rule. Even assuming this Court disregarded the law of the case doctrine, McCabe's Rule 35 motion is barred on alternate procedural grounds.

The State also asserts that McCabe's Rule 35 motion is barred by the doctrine of res judicata. The doctrine of res judicata bars relitigation of issues that have been previously decided in an action between the same litigants. *See State v. Rhoades*, 134 Idaho 862, 863, 11 P.3d 481, 482 (2000); *State v. Beam*, 115 Idaho 208, 210-11, 766 P.2d 678, 680-81 (1988). The issue of whether an action is barred by res judicata is a question of law over which we exercise free review. *Rhoades*, 134 Idaho at 863, 11 P.3d at 482.

In his motion to withdraw his guilty plea, McCabe raised the issue of whether the misdemeanor possession of drug paraphernalia conviction could be the basis for the subsequent offense enhancement. The argument McCabe presents in this case is almost identical to the argument he presented on appeal from the denial of that motion, which this Court affirmed. McCabe also raised this issue in his first Rule 35 motion, which the district court denied. McCabe did not appeal from that denial. A notice of appeal must be filed within forty-two days of the date of filing of the order or judgment from which the appeal is taken. I.A.R. 14. Accordingly, the issue was barred by res judicata forty-two days after the district court denied McCabe's first Rule 35 motion. Thus, McCabe is barred by res judicata from raising the issue of whether his misdemeanor possession of drug paraphernalia conviction could be the basis for the enhancement. Consequently, the district court properly denied McCabe's Rule 35 motion.

The law of the case doctrine and res judicata bar McCabe's argument regarding the basis of his subsequent offense enhancement. Accordingly, the district court's order denying McCabe's Rule 35 motion to correct an illegal sentence is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.