90 P.3d 314

STATE of Idaho, Plaintiff–Respondent,

v.

Gerald R. WEBER, Defendant–Appellant.

No. 30083.

Supreme Court of Idaho,
Boise, February 2004 Term.

April 28, 2004.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Eric D. Fredericksen argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Lori A. Fleming argued.

SCHROEDER, Justice.

This case concerns the scope of a defendant's right to collaterally attack the validity of predicate misdemeanor driving under the influence (DUI) convictions offered by the State to support a charge of felony DUI pursuant to I.C. § 18–8005(5).

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Gerald R. Weber ("Weber") was charged with felony DUI pursuant to I.C. §§ 18–8004 and 18–8005(5)[1], and misdemeanor posses-

1. I.C. § 18–8005(5) provides:

Except as provided in section 18–8004C, Idaho Code, *any person who pleads guilty to or is*

sion of an open container of alcohol in a motor vehicle pursuant to I.C. § 23–505. Weber filed a motion in limine, seeking to prohibit the State from using two previous 1998 misdemeanor DUI convictions to enhance his current DUI charge to a felony. The motion was denied. Weber entered a conditional plea to the felony DUI charge pursuant to I.C.R. 11(a)(2), reserving his right to appeal from the denial of his motion in limine. The district court withheld judgment and placed Weber on probation. Weber appealed, challenging the validity of his prior convictions on the basis that his guilty pleas were obtained in violation of I.C.R. 11(c) and constitutional standards intended to ensure that guilty pleas are knowing and voluntary. The Court of Appeals rejected Weber's constitutional challenge but held that the district court erred in denying the motion in limine to exclude his prior convictions because the record did not establish that Weber was adequately informed of the consequences of entering his guilty pleas as required by Idaho Criminal Rule 11(c). Weber's judgment of conviction for felony DUI was vacated and the case was remanded for further proceedings.

Both parties filed petitions for review of the Court of Appeals' decision. This Court accepted review to determine: (1) whether Weber was entitled to collaterally attack the validity of his prior DUI convictions on the constitutional ground that his guilty pleas, which resulted in these convictions, were not

found guilty of a violation of the provisions of section 18–8004(1)(a), (b) or (c), Idaho Code, who previously has been found guilty of or has pled guilty to two (2) or more violations of the provisions of section 18–8004(1)(a), (b) or (c), Idaho Code, or any substantially conforming foreign criminal violation, or any combination thereof, within five (5) years, notwithstanding the form of the judgment(s) or withheld judgment(s), shall be guilty of a felony; and

(a) Shall be sentenced to the custody of the state board of correction for not to exceed five (5) years; provided that notwithstanding the provisions of section 19–2601, Idaho Code, should the court impose any sentence other than incarceration in the state penitentiary, the defendant shall be sentenced to the county jail for a mandatory minimum period of not less than thirty (30) days, the first forty-eight (48) hours of which must be consecutive, and ten (10) days of which must be served in jail, as required by 23 U.S.C. section 164; and further

made knowingly, voluntarily and intelligently, and (2) whether Idaho Criminal Rule 11(c) provides a defendant greater rights to collaterally attack the validity of prior convictions used for enhancement purposes than provided by the United States Constitution.

## II.

### STANDARD OF REVIEW

 When considering a case on review from the Court of Appeals, this Court does not merely review the correctness of the decision of the Court of Appeals. *Leavitt v. Swain,* 133 Idaho 624, 627, 991 P.2d 349, 352 (1999). This Court acts as though it is hearing the matter on direct appeal from the decision of the trial court. However, this Court does give serious consideration to the decision of the Court of Appeals. *Id. See also Sato v. Schossberger,* 117 Idaho 771, 774–75, 792 P.2d 336, 339–40 (1990). When this Court grants a petition to review a Court of Appeals decision, it will ordinarily hear all the issues presented to the Court of Appeals. *Sato,* 117 Idaho at 774, 792 P.2d at 339.

 Constitutional issues are questions of law subject to free review by this Court. *Struhs v. Prot. Tech.'s Inc.,* 133 Idaho 715, 722, 992 P.2d 164, 171 (1999). Likewise, where the trial court's decision turns upon the interpretation of an Idaho Criminal Rule, appellate courts exercise free review. *See*

provided that notwithstanding the provisions of section 18–111, Idaho Code, a conviction under this section shall be deemed a felony;

(b) May be fined an amount not to exceed five thousand dollars ($5,000);

(c) Shall surrender his driver's license or permit to the court; and

(d) Shall have his driving privileges suspended by the court for a mandatory minimum period of one (1) year after release from imprisonment, and may have his driving privileges suspended by the court for not to exceed five (5) years after release from imprisonment, during which time he shall have absolutely no driving privileges of any kind; and

(e) Shall, while operating a motor vehicle, be required to drive only a motor vehicle equipped with a functioning ignition interlock system, as provided in section 18–8008, Idaho Code, following the mandatory one (1) year license suspension period.

*State v. Larios,* 129 Idaho 631, 633, 931 P.2d 625, 627 (1997) (regarding the trial court's interpretation of I.C.R. 25(a)); *State v. Dallas,* 126 Idaho 273, 274, 882 P.2d 440, 441 (Ct.App.1994) (concerning the district court's interpretation of I.C.R. 35).

### III.

### A DEFENDANT HAS NO RIGHT TO COLLATERALLY ATTACK THE CONSTITUTIONAL VALIDITY OF PRIOR DUI CONVICTIONS USED TO SUPPORT A CHARGE OF FELONY DUI UNLESS THE PRIOR CONVICTIONS WERE OBTAINED IN VIOLATION OF DEFENDANT'S RIGHT TO COUNSEL

■ Weber contends that the district court erred in denying his motion in limine, thereby allowing the State to use his prior misdemeanor DUI convictions as a basis to seek a conviction of felony DUI pursuant to I.C. § 18–8005(5). Specifically, he maintains that his guilty pleas, and thus the resulting convictions, were invalid because they were obtained in violation of I.C.R. 11(c) and constitutional standards intended to ensure that guilty pleas are knowing and voluntary.

This Court has previously considered whether a defendant may collaterally attack the validity of prior misdemeanor DUI convictions used to support a subsequent charge of felony DUI on the basis that the defendant's previous guilty pleas were not made knowingly, intelligently, and voluntarily. *See State v. Maxey,* 125 Idaho 505, 873 P.2d 150 (1994); *State v. Beloit,* 123 Idaho 36, 844 P.2d 18 (1992). In both instances, the challenge was rejected. Subsequent to this Court's decisions in *Beloit* and *Maxey,* the United States Supreme Court held that, with the sole exception of convictions obtained in violation of the right to counsel, a defendant in a federal sentencing proceeding has no constitutional right to collaterally attack the validity of previous state convictions used to enhance a sentence under the Armed Career Criminal Act (ACCA). *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994).

*Custis* calls into question this Court's decisions in *State v. Beloit,* 123 Idaho 36, 844 P.2d 18 (1992) and *State v. Maxey,* 125 Idaho 505, 873 P.2d 150 (1994), to the extent that they permit constitutional collateral attacks on the validity of prior convictions on grounds other than the denial of the right to counsel. In *State v. Coby,* 128 Idaho 90, 910 P.2d 762 (1996), a post-*Custis* decision, the trial court granted Coby's motion to reduce his felony DUI charge on the basis that the State failed to present evidence that Coby was informed of the dangers of self-representation or that Coby understood the consequences of his waiver of counsel. This Court affirmed the decision of the trial court, based not on the propriety of that decision, but rather on the fact that the State failed to establish the existence of one of Coby's prior DUI convictions. *Coby* does not resolve the issue in the case because the Court specifically declined the State's invitation to address the merits of Coby's constitutional arguments.

After the jury convicted Custis of possession of a firearm by a felon and another federal crime, the Government relied on his prior state-court convictions for robbery, burglary, and attempted burglary to support a motion under the ACCA, which provides for enhancement of the sentence of a convicted firearms possessor who "has three previous convictions ... for a violent felony or a serious drug offense." *Custis,* 511 U.S. at 487, 114 S.Ct. 1732. Custis challenged the use of two convictions on various grounds, including ineffective assistance of counsel and that one of his guilty pleas was not knowing and intelligent as required by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *Id.* at 488, 89 S.Ct. 1709. The district court held that the ACCA provides no statutory right to challenge such convictions and that the Constitution bars the use of a prior conviction for enhancement only when there was a complete denial of counsel in the prior proceeding. *Id.* at 489, 89 S.Ct. 1709. Custis was sentenced to an enhanced term of 235 months in prison, and the Court of Appeals affirmed. *Id.* The United States Supreme Court granted certiorari. The United States Supreme Court held that, with the sole exception of convictions

obtained in violation of the right to counsel, a defendant in a federal sentencing proceeding has no right to collaterally attack the validity of previous state convictions that are used to enhance his sentence under the ACCA. *Id.,* 511 U.S. at 485, 114 S.Ct. 1732. The Supreme Court noted that Congress did not intend to permit collateral attacks on prior convictions under the ACCA. *Id.* at 493, 114 S.Ct. 1732. The language of the ACCA focuses on the *fact* of the conviction, and nothing therein suggests that the prior final conviction may be subject to attack for potential constitutional errors before it may be counted. *Id.* at 490–91, 114 S.Ct. 1732. The Court also stated that the right, recognized in *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), and *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), to collaterally attack prior convictions used for sentence enhancement purposes cannot be extended beyond the right, established in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), to have appointed counsel. *Id.* at 496, 83 S.Ct. 792. Since *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and running through *Burgett* and *Tucker,* "there has been a theme that failure to appoint counsel for an indigent defendant was a unique constitutional defect." *Id.* According to the U.S. Supreme Court, none of the constitutional violations alleged by Custis, including the claimed denial of effective assistance of counsel, "rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all." [2] *Id.*

The United States Supreme Court in *Custis* highlighted the following considerations in support of its holding limiting collateral attacks to those involving a violation of the right to counsel:

> Ease of administration also supports the distinction. As revealed in a number of the cases cited in this opinion, failure to appoint counsel at all will generally appear from the judgment roll itself, or from an accompanying minute order. But determination of claims of ineffective assistance of counsel, *and failure to assure that a guilty plea was voluntary,* would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts or records that may date from another era, and may come from any one of the 50 States.
>
> The interest in promoting the finality of judgments provides additional support for our constitutional conclusion. As we have explained, "[i]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures" and inevitably delay and impair the orderly administration of justice. *United States v. Addonizio,* 442 U.S. 178, 184, n. 11, 99 S.Ct. 2235, 2240, n. 11, 60 L.Ed.2d 805 (1979). We later noted in *Parke v. Raley,* 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), that principles of finality associated with habeas corpus actions apply with at least equal force when a defendant seeks to attack a previous conviction used for sentencing. By challenging the previous conviction, the defendant is asking a district court "to deprive [the] [state-court judgment] of [its] normal force and effect in a proceeding that ha[s] an independent purpose other than to overturn the prior judgmen[t]." *Id.* at 30, 113 S.Ct., at 523. *These principles bear extra weight in cases in which the prior conviction, such as one challenged by Custis, are based on guilty pleas, because when a guilty plea is at issue,* "the concern with finality served by the limitation on collateral attack has special force." *United States v. Timmreck,* 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) (footnote omitted).

*Custis,* 511 U.S. at 496–97, 114 S.Ct. 1732 (emphasis added).

In *Custis,* "the United States Supreme Court made it clear that a defendant's constitutional right to mount a collateral attack did not extend beyond situations where the prior

---

**2.** However, the Supreme Court noted that Custis, who was still "in custody" for purposes of his state convictions at the time of his federal sentencing under the ACCA, may attack his state sentences in state court or through federal habeas corpus review. If Custis is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences. The Court expresses no opinion on the appropriate disposition of such an application.

convictions were obtained in violation of the right to counsel." *State v. Veikoso,* 102 Hawai'i 219, 74 P.3d 575, 580 (2003) (citing *Custis,* 511 U.S. at 496, 114 S.Ct. 1732). *See also State v. Warren,* 135 Idaho 836, 849–41, 25 P.3d 859, 863–64 (Ct.App.2001) (recognizing that *Custis* limited a defendant's due process right to collaterally attack a conviction used for sentencing enhancement purposes in a later proceeding to the constitutional defect of failure to appoint counsel.). Thus, Weber had no right under the United States Constitution to collaterally attack the validity of his prior misdemeanor DUI convictions because his attack was based on grounds other than the denial of counsel.

Weber has not pointed to a provision in the Idaho Constitution to establish a greater right than that afforded by the U.S. Constitution. Were that issue presented this Court would be free to interpret provisions of the Idaho Constitution to provide greater protection than their corresponding provisions of the United States Constitution. *Aragon v. State,* 114 Idaho 758, 761, 760 P.2d 1174, 1177 (1988); *Gibson v. State,* 110 Idaho 631, 635, 718 P.2d 283, 287 (1986). However, this Court has set forth no distinction between the rights afforded a defendant prior to entering a guilty plea under the Idaho Constitution and those afforded by the United States Constitution. *See e.g. State v. McCoy,* 128 Idaho 362, 366, 913 P.2d 578, 582 (1996) (citing *Boykin v. Alabama,* 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) for the proposition that "[b]efore it can accept a guilty plea, a district court must establish, on the record, that the plea was knowingly and voluntarily entered."); *State v. Mauro,* 121 Idaho 178, 180, 824 P.2d 109, 111 (1991) (quoting *Boykin* for the proposition that "[t]he plea must be entered with 'a full understanding of what the plea connotes and of its consequence.' "). Nor has this Court set forth such a distinction regarding the respective burdens for a constitutional challenge to a prior conviction that is used to enhance a DUI charge from a misdemeanor to a felony. *See State v. Beloit,* 123 Idaho 36, 37, 844 P.2d 18, 19 (1992) (citing *Parke v. Raley,* 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992) for the proposition "that once the State has made a *prima facie* showing of the validity of

a prior conviction used to enhance a pending crime, the burden of going forward with proof that the conviction was defective because of the denial of some constitutional right *may be placed upon the defendant* without violating the United States Constitution.") (emphasis in original). Instead, in both instances, this Court has chosen to align itself with the federal constitutional standard.

A survey of case law from other jurisdictions indicates that various states addressing this issue have found *Custis* persuasive. As a result, they have declined to extend the right to collaterally attack prior convictions beyond what is mandated by the federal constitution or specifically provided for by statute. *See e.g. State v. Veikoso,* 102 Hawai'i 219, 74 P.3d 575 (2003); *State v. Hahn,* 238 Wis.2d 889, 618 N.W.2d 528 (2000); *State v. Mund,* 593 N.W.2d 760 (N.D.1999); *State v. Chiles,* 260 Kan. 75, 917 P.2d 866 (1996); *McGuire v. Commonwealth,* 885 S.W.2d 931 (Ky.1994).

For example, in *People v. Carpentier,* 446 Mich. 19, 521 N.W.2d 195 (1994), the Supreme Court of Michigan stated:

We find the reasoning of *Custis* both persuasive and consistent with Michigan common law. Like the federal courts, both the Michigan judiciary singularly, and the citizenry whose collective rights and protections it is obligated to protect, have a compelling interest in championing the finality of criminal judgments. However, and again like the federal courts, Michigan has recognized the unique import of a defendant's constitutional right to counsel. The exceptional nature of this constitutional protection counsels for similarly atypical protection. For this reason, we align ourselves with the rationale and result of *Custis* and hold that an alleged *Gideon* violation constitutions a jurisdictional defect that may be collaterally challenged by a convicted criminal defendant.

521 N.W.2d at 199–200 (internal citations omitted). Likewise, the Kansas Supreme Court, emphasizing the administrative considerations articulated in *Custis,* held that "allowing a collateral attack on prior convictions on the basis of inadequate plea collo-

quies would force the sentencing court to look behind every conviction with practically no record to rely on." *Kansas v. Delacruz*, 258 Kan. 129, 899 P.2d 1042, 1049 (1995).

The policy considerations articulated in *Custis*, though expressed in relation to the federal scheme, are equally relevant to state court proceedings. While Weber attempts to draw a distinction between cases involving *sentencing* enhancements and those involving *charging* enhancements, such a distinction is of no consequence insomuch as the policy considerations of *Custis* apply equally in both instances.

## IV.

## A VIOLATION OF I.C.R. 11(C) DOES NOT PROVIDE AN INDEPENDENT BASIS TO COLLATERALLY ATTACK THE VALIDITY OF A PRIOR CONVICTION USED IN A SUBSEQUENT ENHANCEMENT PROCEEDING

■ Weber contends that a violation of I.C.R. 11(c) provides independent state grounds for collaterally attacking a conviction used to enhance a subsequent conviction under Idaho DUI law.

■ In interpreting Federal Criminal Rule 11 (the federal counterpart to I.C.R. 11), the United States Supreme Court in *McCarthy v. United States*, 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) noted that, "although the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." This construction is consistent with Idaho appellate cases interpreting I.C.R. 11(c). This Court has stated that a criminal defendant by pleading guilty waives certain constitutional rights, including the privilege against self-incrimination, the right to a jury trial, and the right of confrontation. *Ray v. State*, 133 Idaho 96, 99, 982 P.2d 931, 934 (1999); *State v. Carrasco*, 117 Idaho 295, 297, 787 P.2d 281, 283 (1990). Waiver of these constitutional rights will be upheld if the entire record demonstrates the waiver was made

voluntarily, knowingly and intelligently. *Ray*, 133 Idaho at 99, 982 P.2d at 934; *Carrasco*, 117 Idaho at 298, 787 P.2d at 284. The plea must be entered with a full understanding of what the plea connotes and of its consequences. *Ray*, 133 Idaho at 99, 982 P.2d at 934; *State v. Mauro*, 121 Idaho 178, 180, 824 P.2d 109, 111 (1991). In Idaho, the trial court must follow the minimum requirements of I.C.R. 11(c) in accepting guilty pleas. *Ray*, 133 Idaho at 99, 982 P.2d at 934; *Mauro*, 121 Idaho at 180, 824 P.2d at 111. If the record indicates that the trial court followed the requirements of Rule 11(c), this is a prima facie showing that the plea is voluntary and knowing. *Ray*, 133 Idaho at 99, 982 P.2d at 934; *State v. Miller*, 134 Idaho 458, 460, 4 P.3d 570, 572 (Ct.App.2000). Thus, the procedures outlined in I.C.R. 11(c) are intended to protect the underlying constitutional requirements that guilty pleas be entered voluntarily, knowingly and intelligently.

"In *Custis*, the Supreme Court specifically stated that an allegation that a guilty plea was not knowing and intelligent was not a constitutional violation 'ris[ing] to the level of a jurisdictional defect' which warranted a collateral attack on a prior conviction at sentencing." *United States v. Bonds*, 48 F.3d 184, 187 (6th Cir.1995) (quoting *Custis*, 511 U.S. at 496, 114 S.Ct. 1732). Following the logic of *Custis* it would be anomalous to allow a defendant in Weber's position to collaterally attack the validity of his prior convictions based on an alleged violation of I.C.R. 11(c) when a violation of the underlying constitutional rights which that rule was created to protect would not support such a challenge. *See also United States v. Timmreck*, 441 U.S. 780, 783–84, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) (a conviction based on a guilty plea is not subject to collateral attack when all that can be shown is a formal violation of FED. R.CRIM. P. 11 because "[s]uch a violation is neither constitutional nor jurisdictional."). A violation of I.C.R. 11(c) does not provide an independent basis to collaterally attack the validity of a prior conviction used in a subsequent enhancement proceeding.

A defendant in Weber's position has several opportunities to challenge the validity of his or her conviction. "A defendant current-

ly may attack the validity of a conviction on direct appeal and through post-conviction relief proceedings. Idaho Criminal Rule 35 is available to attack an illegal sentence." *State v. Warren,* 135 Idaho 836, 841, 25 P.3d 859, 864 (Ct.App.2001). The Court rejects the invitation "to create from whole cloth, a fourth mechanism for attacking the validity of a prior conviction, in essence a collateral proceeding in the middle of a criminal case at which the defendant could challenge the validity of any prior judgment" based upon an alleged violation of I.C.R. 11(c) in that prior proceeding. *See generally Warren,* 135 Idaho at 841, 25 P.3d at 864.

■ Idaho trial courts are not required to conduct a preliminary hearing into the validity of a prior conviction offered to prove felony DUI unless: "(1) such attack is provided by statute, or (2) such attack is a constitutional one premised on a lack of counsel." *United States v. Reed,* 141 F.3d 644, 652 (6th Cir.1998) (citing *United States v. Gonzales,* 79 F.3d 413, 426–27 (5th Cir.1996)). Challenges to the validity of prior convictions alleged to have been obtained as the result of invalid guilty pleas must be raised either through a direct appeal or by post-conviction relief and not in proceedings related to a subsequent felony DUI offense. To the extent that this Court's decisions in *Beloit* and *Maxey* appear to provide a basis for a defendant to collaterally attack the validity of prior DUI convictions on ground other than the denial of counsel, they are overruled.

## V.

## CONCLUSION

Weber's prior misdemeanor DUI convictions were not subject to collateral attack in the subsequent felony DUI proceeding. His felony DUI conviction is affirmed.

Chief Justice TROUT, Justices KIDWELL, EISMANN and BURDICK concur.