JUSTICE RICE,
concurring.
¶21 I agree with the Court in affirming the District Court’s denial of Otto’s motion to dismiss. This case is yet another good example of why, in my view, the Court took the wrong path in State v. Maine, 2011 MT 90, 360 Mont. 182, 255 P.3d 64, by permitting collateral challenges to final convictions, such as Otto makes here. In order to address Otto’s claims that he was not properly advised of his right to appeal, of his *216 right to a speedy and public jury trial, and of his right to object to evidence, prior to entering his prior DUI guilty pleas, the Court must dissect our prior opinions and ultimately conclude that the statements upon which the Defendant relies were mere dicta. Opinion, ¶ 17. We dealt with similarly frivolous claims in State v. Burns, 2011 MT 167, 361 Mont. 191, 256 P.3d 944, where the defendant claimed that one of his prior DUI convictions was invalid because “he was not given proper notice of the trial date; there were filing errors; and he was involuntarily absent when the 1997 trial was held in absentia.." Burns, ¶ 39. I would simply affirm Otto’s conviction on the ground that his challenges to his prior DUI convictions should be denied as a matter of law, in accordance with the authorities set forth in my dissenting opinion in Maine. I continue to believe that cases such as this one well illustrate the wisdom of the many courts nationwide that have rejected “in essence a collateral proceeding in the middle of a criminal case at which the defendant could challenge the validity of any prior judgment... "Maine, ¶ 51 (Rice, J., dissenting) (citing State v. Weber, 90 P.3d 314, 320-21 (Idaho 2004)). Otto had previous opportunities to raise these challenges to his prior convictions, but he failed to do so. He should not be allowed to do so now.
¶22 I concur.