# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42868

| | |
|---|---|
| STATE OF IDAHO, | ) 2016 Unpublished Opinion No. 445 |
| | ) |
| Plaintiff-Respondent, | ) Filed: March 22, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| EDGAR FARFAN-GALVAN, aka | ) THIS IS AN UNPUBLISHED |
| EDGAR FARFAN, aka EDGAR G. | ) OPINION AND SHALL NOT |
| FARFAN GALVAN, aka EDGAR | ) BE CITED AS AUTHORITY |
| GALVAN FARFAN, aka EDGAR | ) |
| GALVAN, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment of conviction and sentence for driving under the influence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Edgar Farfan-Galvan appeals from the district court's order denying his motion to dismiss or reduce his conviction for felony driving under the influence (DUI). We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Farfan-Galvan with felony driving under the influence (DUI). The enhancement to the felony was based on two prior misdemeanor DUI convictions. Farfan-Galvan filed a motion to dismiss or reduce the charge to a misdemeanor, collaterally attacking one of his previous DUI convictions on the basis that his Sixth Amendment right to counsel was violated in that underlying conviction. In the underlying misdemeanor DUI case (2010 case),

1

Farfan-Galvan applied for a public defender and the magistrate denied his application. In this case, the district court found that the magistrate in the prior case had denied the application for a public defender because Farfan-Galvan was not indigent and, therefore, did not deny the right to counsel under the Sixth Amendment. Therefore, the district court denied the motion to dismiss or reduce the charge. Farfan-Galvan then entered a guilty plea to felony DUI, preserving his right to appeal the district court's decision. Farfan-Galvan timely appealed.

## II.

## ANALYSIS

Farfan-Galvan asserts that the district court erred by denying his motion to dismiss or reduce his felony DUI charge to a misdemeanor, because the underlying misdemeanor conviction used to enhance his DUI conviction to a felony was obtained through violation of his Sixth Amendment right to counsel.

In *State v. Schwab*, 153 Idaho 325, 329-30, 281 P.3d 1103, 1107-08 (Ct. App. 2012), we explained:

> When a violation of a constitutional right is asserted, we accept the trial court's factual findings unless they are clearly erroneous, but freely review whether constitutional requirements have been satisfied in light of the facts found. Also, this Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. In *State v. Coby*, 128 Idaho 90, 92, 910 P.2d 762, 764 (1996), the Idaho Supreme Court set forth the respective burdens for a constitutional challenge to a prior conviction used to enhance a DUI charge from a misdemeanor to a felony. The state bears the burden of making a prima facie showing of the validity of a prior conviction used to enhance a pending crime. Thus, the state must first establish the existence of the prior convictions on which the state is relying for enhancement purposes. This burden requires only that the state produce the judgments of conviction or other evidence of the existence of the convictions. Once the state meets that burden, the burden of going forward with proof that the conviction was constitutionally defective is placed on the defendant. Accordingly, the defendant must produce evidence establishing a constitutional challenge to the validity of the judgments on which the state relies. The state must then prevail on its claim of the validity of the prior judgments.

(citations omitted).

When the government seeks to enhance the punishment for a new offense by offering evidence of a prior conviction, the defendant may collaterally attack the prior conviction based

2

on the violation of his right to counsel in the prior case. *Burgett v. Texas*, 389 U.S. 109, 114-16 (1967). The Court explained:

> To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right.

*Burgett*, 389 U.S. at 115 (citation omitted).

An indigent defendant has the right to have counsel appointed at public expense. *Gideon v. Wainwright*, 372 U.S. 335 (1963). The right to collaterally attack prior convictions used for sentence enhancement purposes cannot be extended beyond the right established in *Gideon*. *Custis v. United States*, 511 U.S. 485 (1994) (declining to extend *Burgett* to other collateral attacks on prior convictions; *see also State v. Weber*, 140 Idaho 89, 90 P.3d 314 (2004)).

Farfan-Galvan first asserts that he had a right to counsel in the plea and sentencing proceedings in the 2010 case and that the trial court denied his right to counsel. Farfan-Galvan contends that because the trial court did not state the basis for the denial of the application for court-appointed counsel, we should presume that it was denied in violation of his Sixth Amendment right. Farfan-Galvan's attempt to liken this situation to that in *Burgett*, where the Supreme Court presumed a Sixth Amendment violation when it was unclear *whether* the defendant was represented by counsel, is without merit. *Burgett* is factually and legally inapposite to this case. Farfan-Galvan provides no other legal or rational basis for the claim that a violation should be presumed.

Next, Farfan-Galvan claims that this Court should review the propriety of the denial of the appointment of counsel in the 2010 case de novo. He provides no support for this claim other than a contention that without a stated basis for the denial of the application, this Court cannot review the denial under an abuse of discretion standard. Regardless of what standard of review we apply, Farfan-Galvan has failed to demonstrate any error or violation of his Sixth Amendment rights. The burden of proving inadequate financial means to afford counsel is on the defendant. *Quinlivan v. State*, 94 Idaho 334, 335, 487 P.2d 928, 929 (1971). In the application for court-appointed counsel, Farfan-Galvan reported income of $2,800 per month and expenses of $1,028 per month. Farfan-Galvan lived with his girlfriend and his son. Without any support from the record, Farfan-Galvan asserts that "clearly" some amount of the reported household income was attributable to his girlfriend and "more likely" it would be half. So, given

that his girlfriend's income could not be considered in regard to his ability to pay for an attorney, he established his indigency. Aside from his claims not being factually supported in the record, Farfan-Galvan relies upon reports and U.S. Census Bureau data which are likewise not part of the record, as well as subsequent and, thus, inapplicable amendments to Idaho law. Farfan-Galvan has not demonstrated indigency or an unconstitutional denial of his right to counsel in the 2010 case.

Finally, Farfan-Galvan claims that his right to counsel in the 2010 case was violated because the record does not show a valid waiver of his right to counsel. Farfan-Galvan notes that he was arrested for DUI on September 5, 2010, and bonded out on September 7. On September 9, he appeared at the courthouse and signed a form notifying him of the potential penalties for DUI, a form notifying him of his rights, and a guilty plea form. The form notifying him of his rights stated: "You have the right to be represented by an attorney at all times. If you want an attorney, but cannot afford to pay for one, the court will, in appropriate cases, appoint one to help you." On September 14, Farfan-Galvan submitted the application for appointment of counsel, which was denied the next day. He then appeared before the magistrate on October 5 without counsel, pled guilty, and was sentenced.

Farfan-Galvan contends that the application for appointment of counsel was not only a request for free counsel, but a timely invocation of "a desire for counsel generally." He cites to no authority for this proposition and the Court is aware of nothing that renders a request for court-appointed counsel an invocation of the right to counsel of one's choosing. Next, Farfan-Galvan asserts that since he was advised of his right to counsel but was thereafter denied his request for court-appointed counsel, he "might not have known" that he could still speak up and request an opportunity to hire counsel. Thus, "under the circumstances" the magistrate had an obligation to ensure a knowing, intelligent, and voluntary waiver of counsel prior to accepting his guilty plea and entering sentence. First, again, Farfan-Galvan provides no direct authority for this argument. Second, as the State points out, he has provided no authority providing that the adequacy of a waiver of counsel is a ground upon which he may collaterally attack a prior conviction. As noted, denial of the right to counsel under *Gideon* is the exclusive means available to collaterally attack the prior conviction. *Weber*, 140 Idaho at 94, 90 P.3d at 319 (recognizing that Weber's plea may not have been knowingly, voluntarily, or intelligently made, but nevertheless refusing to allow a collateral attack). "[F]ailure to appoint counsel for an

4

indigent defendant [is] a unique constitutional defect," and is the only collateral attack the Constitution requires that a defendant be able to make on a prior conviction used as an enhancement. *Custis*, 511 U.S. at 496.

## III.

## CONCLUSION

Farfan-Galvan has not shown that his right to counsel was denied in the 2010 misdemeanor DUI conviction. The district court's order denying Farfan-Galvan's motion to dismiss or reduce his felony charge to a misdemeanor is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.