BURDICK, J.
specially concurring.
I concur with the majority’s reasoning and conclusion that Farfan-Galvan’s 2010 convic *616 tion cannot serve as the basis to enhance his 2014 DUI charge. I write only to further distinguish the present ease from Custis v. U.S., 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), and State v. Weber, 140 Idaho 89, 90 P.3d 314 (2004).
In Custis, the defendant attempted to collaterally attack two prior convictions that were the basis for an enhancement of his sentence under the Armed Career Criminal Act of 1984. 511 U.S. at 487, 114 S.Ct. at 1734, 128 L.Ed.2d at 522-23. The defendant challenged the use of the two prior convictions on the grounds of ineffective assistance of counsel and on the grounds that one of his guilty pleas was not knowing and intelligent as required under the Constitution. Id. at 488, 114 S.Ct. at 1734, 128 L.Ed.2d at 523. The U.S. Supreme Court rejected these arguments. Id. at 496, 114 S.Ct. at 1733, 128 L.Ed.2d at 528.
In Weber, the defendant attempted to collaterally attack two prior DUI convictions that served as the basis to enhance a subsequent DUI charge to a felony. 140 Idaho at 91, 90 P.3d at 316. The defendant argued the prior convictions were invalid because his guilty pleas in those cases were obtained in violation of Idaho Criminal Rule 11(c) and the constitutional requirement that guilty pleas be knowing and voluntary. Id. Relying on the U.S. Supreme Court’s decision in Custis, we rejected this argument. Id. at 94, 90 P.3d at 319.
This case is neither Custis nor Weber. In Custis, the defendant was represented by counsel. Here, Farfan-Galvan was not. In Weber, the defendant's collateral attack was based on perceived inadequacies in his previous guilty pleas. Here, Farfan-Galvan’s collateral attack is based on the lack of counsel. An attack based on lack of counsel falls squarely within the “sole exception of convictions obtained in violation of the right to counsel.” Weber, 140 Idaho at 92, 90 P.3d at 317 (citing Custis, 511 U.S. at 485, 114 S.Ct. at 1732, 128 L,Ed.2d at 517). Thus, while Custis and Weber mention in dicta the validity of collateral attacks in reference to instances where indigent defendants have been denied appointed counsel, those cases do not directly address the question here: whether the lack of any counsel, appointed or otherwise, may serve as the basis for a collateral attack. Rather, as pointed out by the majority, that question is clearly answered in the affirmative by Burgett v. Texas, 389 U.S. 109, 114-15, 88 S.Ct. 258, 261-62, 19 L.Ed.2d 319, 324-25 (1967) (holding that prior convictions obtained where the defendant was not represented by counsel and where there was no indication in the record that the defendant had waived counsel could not be used as the basis for a sentence enhancement).