W. JONES, J.
concurring in part and dissenting in part.
I concur with the majority’s disapproval of the procedure by which Mr. Farfan-Galvan pleaded guilty regarding the 2010 conviction. I cannot, however, agree with the majority’s decision to allow Mr. Farfan-Galvan’s collateral attack on his 2010 conviction. Custis v. U.S., 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), and State v. Weber, 140 Idaho 89, 90 P.3d 314 (2004), clearly limit collateral attacks to situations where a defendant’s right under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) was violated. “[Fjailure to appoint counsel for an indigent defendant [is] a unique constitutional defect” and is the only collateral attack that the Constitution permits a defendant to make on a prior conviction used for enhancement with respect to a later charge of criminal conduct. Custis, 511 U.S. at 496, 114 S.Ct. at 1738-39, 128 L.Ed.2d at 528.