# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48085

| | |
|---|---|
| LANCE A. ROBERTS, | ) |
| | ) Filed: October 18, 2021 |
| Plaintiff-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, TETON COUNTY, | ) OPINION AND SHALL NOT |
| IDAHO; TETON COUNTY | ) BE CITED AS AUTHORITY |
| PROSECUTING ATTORNEY'S | ) |
| OFFICE, PROSECUTING ATTORNEY | ) |
| BILLIE SIDDOWAY, | ) |
| | ) |
| Defendants-Respondents, | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOES I-X, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Teton County. Hon. Steven Boyce, District Judge.

Judgment dismissing complaint, order denying motion for reconsideration, and award of attorney fees, <u>affirmed</u>.

Lance A. Roberts, Victor, pro se appellant.

Hall Angell & Associate, LLP; Blake G. Hall, Idaho Falls, for respondent.

_____

HUSKEY, Chief Judge

Lance A. Roberts appeals from the district court's grant of summary judgment in favor of the State of Idaho, Teton County, Idaho; Teton County Prosecuting Attorney's Office; and Prosecuting Attorney Billie Siddoway (respondents), the district court's order denying Roberts' motion for reconsideration, and the district court's award of attorney fees and costs to respondents. For the reasons set forth below, we affirm.

1

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

Roberts, through counsel, filed a complaint against the named respondents, as well as John Does I-X, alleging that Roberts was "illegally and wrongfully sentenced and/or wrongfully imprisoned through the actions of the State of Idaho, the Teton County Magistrate Court under the direction of and pursuant to the request and actions of the Teton County Prosecuting Attorney's Office, Billie Siddoway and John Does I-X." Roberts' complaint was based on his multiple driving under the influence (DUI) convictions. Roberts claimed many of his prior DUI convictions were improperly charged and, therefore, he has been wrongfully sentenced and/or imprisoned, and as a result, he incurred monetary damages.[1] Specifically, Roberts argued that his DUI charges in CR-1998-096 and CR-1998-128 should not have been charged pursuant to Idaho Code § 18-8004(1)(a) (DUI), but rather, pursuant to I.C. § 18-8004(1)(d) (under 21 DUI) because Roberts was not yet twenty-one years of age when he was charged and pleaded guilty in those two cases. Roberts argued that as a result of these charging errors, all of Roberts' subsequent DUI convictions are invalid and the respondents are liable under the Idaho Tort Claims Act for all erroneous charging decisions, including charging Roberts as a felon and as a persistent violator in CR-2016-047, which resulted in fines and periods of incarceration.

Respondents filed a motion for summary judgment, which was set for hearing. Roberts filed a motion to continue the hearing and requested additional time to conduct discovery. The district court granted the motion and reset the hearing. After the motion for summary judgment hearing, the district court issued its decision granting respondents' motion for summary judgment. Respondents timely filed a memorandum of costs and attorney fees. On April 3, 2020, the district court entered a final judgment dismissing all claims with prejudice. On May 3, 2020, Roberts,

---

[1]     Roberts was charged as follows in the relevant cases: CR-1998-096 (DUI, second offense under 21 misdemeanor); CR-1998-128 (DUI, second offense misdemeanor); CR-2001-144 (felony DUI); and CR-2016-047 (felony DUI with persistent violator enhancement). Roberts pleaded guilty in each case and did not timely appeal the validity of the underlying convictions. Roberts did appeal the denial of his Idaho Rule 35 motion in CR-2016-047; this Court affirmed. *State v. Roberts*, Docket No. 44356 (Ct. App. Feb. 21, 2017) (unpublished). Although not included in the complaint as a basis for the persistent violator enhancement in CR-2016-047, Roberts acknowledges he was also convicted of a felony DUI in CR-2005-727, but his trial attorney failed to include this conviction as a basis for relief in the complaint. Roberts also pleaded guilty to felony burglary in Teton County Case No. CR-1999-24.

although still represented by counsel, filed a pro se motion to reconsider. On June 11, 2020, the district court issued an order allowing Roberts' counsel to withdraw.

In September 2020, the district court denied the motion to reconsider, finding that it was untimely pursuant to Idaho Rule of Civil Procedure 11.2 because Roberts failed to file the motion within fourteen days of entry of the final judgment. Although Roberts characterized the motion as a motion to reconsider, the district court also analyzed whether Roberts was entitled to relief under I.R.C.P. 60; the district court concluded he was not.

The district court issued an order awarding respondents $31,190.00 in attorney fees and $1,167.85 in costs. The district court found that Roberts waived all objections to respondents' request for costs and fees because he failed to timely file a motion to disallow the attorney fees pursuant to I.R.C.P. 54(e)(6).[2] The district court also found the case was brought and maintained in bad faith for multiple reasons: (1) Roberts failed to file a bond before initiating the action; (2) Roberts failed to personally name any prosecutor who had been involved with the criminal cases set forth in the complaint; (3) Roberts named Siddoway in her personal capacity despite Roberts' acknowledgement that Siddoway was not involved with any of the relevant criminal cases; (4) Roberts failed to state a cause of action for which relief could be granted, as Roberts asserted that respondents were negligent in charging him as a persistent violator despite clear evidence that Roberts had been found guilty of three felonies; and (5) Roberts failed to amend his complaint or submit an amended response to the motion for summary judgment despite requesting, and the district court granting, additional time to conduct discovery.

Following the filing of the amended final judgment and judgment of costs and fees, Roberts filed a notice of appeal. Roberts did not request a transcript on appeal, and the Idaho Supreme Court ordered the appeal to proceed on the clerk's record only. Thereafter, Roberts filed a motion to augment the record, which was granted in part and denied in part.

---

[2] On April 9, 2020, Roberts' counsel filed an objection to the request for fees, however, the objection did not comply with Idaho Rule of Civil Procedure 54. As such, the district court did not characterize the objection as a motion to disallow pursuant to I.R.C.P. 54(e)(6). Roberts did not file any additional objections or a motion to disallow the attorney fees or costs.

3

## II.

## STANDARD OF REVIEW

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

The decision to grant or deny a request for reconsideration generally rests in the sound discretion of the trial court. *Campbell v. Reagan*, 144 Idaho 254, 258, 159 P.3d 891, 895 (2007); *Carnell v. Barker Mgmt. Inc.*, 137 Idaho 322, 329, 48 P.3d 651, 658 (2002).

## III.

## ANALYSIS

Roberts, appearing pro se on appeal, asserts sixteen issues in his opening brief. Respondents contend that Roberts has made only three assignments of error on appeal. Respondents further assert that Roberts has failed to provide legal argument or authority to support the majority of his issues and that most of Roberts' issues are raised for the first time on appeal.

**A. The District Court's Judgment Dismissing the Complaint Is Affirmed**

Roberts alleges ten issues (designated in appellant's brief as issues 1, 4, 5, 6, 7, 8, 11, 12, 13, and 14) related to the district court's grant of summary judgment in favor of respondents. We note that Roberts is appearing pro se in this appeal. Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* While the district court's memorandum decision on summary judgment was filed with the notice of appeal, the memorandum was not included in the clerk's record, as part of Roberts' motion to augment the clerk's record, or in the augmented record. Because the memorandum decision on summary judgment is not included in the appellate record, Roberts has failed to present an adequate record to review assignments of error arising from the district court's memorandum decision. The Court is bound by the record on appeal and cannot consider matters or materials that are not part of the record or not contained in the record. *Kootenai Cty. v. Harriman-Saylor*, 154 Idaho 13, 16, 293 P.3d 637, 640 (2012); *see also Med. Recovery Servs., LLC v. Eddins*, ___ P.3d ___, ___, ___ Idaho ___, ___ (Sept. 1, 2021) (declining to consider claims that district court erred by failing to rule on motion for reconsideration or in its application of judicial estoppel when appellant did not ensure motion for reconsideration or relevant briefing from intermediate appeal was included in record on appeal). Moreover, the Court does not search the record for error, as it is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). Any missing portions are presumed to support the trial court's ruling. *Kugler v. Drown*, 119 Idaho 687, 690, 809 P.2d 1166, 1169 (Ct. App. 1991).

Additionally, Roberts asserts in multiple claims that the district court erred by finding Roberts' prior convictions properly reflected his status as a persistent violator. The record on appeal does not include certified copies of Roberts' judgments of conviction, thus, there is no basis for this Court to reject the district court's determination regarding Roberts' status as a persistent violator.

Finally, the gravamen of Roberts' complaint is that his prior convictions were not correctly charged. A civil complaint alleging violations of the Idaho Tort Claims Act is not the appropriate mechanism to collaterally challenge the validity of Roberts' prior convictions. *See State v.*

*Schwab*, 153 Idaho 325, 329, 281 P.3d 1103, 1107 (Ct. App. 2012) (holding that defendant could not collaterally attack validity of prior conviction used to enhance a pending crime unless such attack was provided by statute or based on denial of the right to counsel); *State v. Weber*, 140 Idaho 89, 96, 90 P.3d 314, 321 (2004) (holding that "challenges to the validity of prior convictions alleged to have been obtained as the result of invalid guilty pleas must be raised either through a direct appeal or by post-conviction relief and not in proceedings related to a subsequent felony DUI offense"). For all of the above reasons, we affirm the district court's judgment dismissing Roberts' complaint.

**B.      The District Court's Order Denying Roberts' Motion to Reconsider Is Affirmed**

Roberts asserts that the district court "erred in its denial of the Motion to Reconsider pursuant to I.R.C.P. 60(b)." Respondents argue Roberts' motion to reconsider was untimely under I.R.C.P. 11.2.

The motion to reconsider is not in the appellate record; therefore, it is unclear under which rule the motion for reconsideration was filed. The district court's order denying the motion suggests that Roberts argued he was entitled to relief under I.R.C.P. 60, and the district court denied the motion on the basis that Roberts failed to show he was entitled to relief under that rule. Whether Roberts' motion to reconsider was filed under Rule 11.2 or Rule 60, the district court did not err in denying the motion.

If Roberts was challenging the district court's memorandum decision granting summary judgment, Roberts' motion was untimely pursuant to I.R.C.P. 11.2. Idaho Rule of Civil Procedure 11.2(b) states:

> (1) *In General.* A motion to reconsider any order of the trial court entered before final judgment may be made at any time prior to or within 14 days after the entry of a final judgment. A motion to reconsider an order entered after the entry of final judgment must be made within 14 days after entry of the order.
> (2) *Certain Orders Not Subject to Reconsideration.* No motion to reconsider an order of the trial court entered on any motion filed under Rules 50(a), 52(b), 55(c), 59(a), 59(e), 59.1, 60(a), or 60(b) may be made.

Thus, a party may file a timely motion to reconsider an interlocutory order: (1) any time before the court enters a final judgment; or (2) within fourteen days after the court enters a final judgment. *Agrisource, Inc. v. Johnson*, 156 Idaho 903, 911, 332 P.3d 815, 823 (2014). A motion to reconsider pursuant to Rule 11.2(b) must be made prior to or within fourteen days after the entry of final judgment. Here, final judgment was entered on April 3, 2020, and the motion to reconsider was

filed on May 3, 2020. Thus, the motion to reconsider was not filed prior to or within fourteen days after the entry of final judgment. As such, the motion was untimely and the district court did not err by denying it.

Alternatively, Roberts failed to demonstrate that he was entitled to relief under I.R.C.P. 60. Rule 60 provides the mechanism for a party to file a motion for a trial court to reconsider a judgment or order. The district court's order denying Roberts' motion to reconsider states: "Plaintiff asserts that he is entitled to an order reconsidering the final judgment pursuant to Idaho Rule of Civil Procedure 60(b)(1)-(3)."

Idaho Rule of Civil Procedure 60(b)(1)-(3) provides multiple grounds for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

The district court found that Roberts was not entitled to relief under I.R.C.P. 60 because Roberts failed to present any new evidence or legal argument to support his claim that he was entitled to relief. Because the record on appeal does not include Roberts' motion for reconsideration, we are unable to review the evidence cited and arguments made in Roberts' motion. Therefore, we will not presume the district court erred by denying the motion on the basis that Roberts was not entitled to relief under I.R.C.P. 60. *Powell*, 130 Idaho at 127, 937 P.2d at 439. The district court's order denying Roberts' motion to reconsider is affirmed.

## C. Roberts' Remaining Claims of Error Fail on Appeal

Roberts asserts five additional claims. First, Roberts appears to allege that the district court lacked subject matter jurisdiction over his claims. Specifically, Roberts asserts: "General and subject matter jurisdiction of a previous criminal case and tort claim item in complaint case CR-98-96 where in fact a 'void' ruling was made allowing Summary Judgment in CV41-l9-0l24 erroneously." Roberts provides no argument or authority in support of this assertion. A party waives an issue on appeal if either argument or authority is lacking. *Id.* at 128, 937 P.2d at 440. Accordingly, Roberts has waived the issue on appeal.

Second, Roberts asserts that the district court erred by "allowing or awarding fees and costs as this claim was absolutely not brought frivolously or in bad faith pursued." The district court granted respondents' motion for attorney fees on several bases. First, the district court found that Roberts failed to timely object to respondents' memorandum of costs and fees and failed to file a

7

motion to disallow the fees and costs as required by I.R.C.P. 54(d) and (e), and thus, waived any objection to respondents' request for attorney fees and costs. Second, the district court found the respondents were entitled to attorney fees as the prevailing party pursuant to I.R.C.P. 54. Third, the district court found the action was pursued in bad faith and the respondents were entitled to attorney fees and costs pursuant to I.C. § 6-918A. Because Roberts does not address the district court's alternate holdings that Roberts waived any objection by failing to timely file a response or challenge that respondents were the prevailing parties, we affirm the district court's award of fees and costs on those grounds. *T3 Enterprises, Inc. v. Safeguard Bus. Sys., Inc.*, 164 Idaho 738, 755, 435 P.3d 518, 535 (2019) (when a trial court's decision is based on alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis).

As to the remaining basis for awarding fees, Roberts' conclusory statement that the case was not pursued in bad faith is insufficient for this Court to conclude the district court erred. The Idaho Appellate Rules require that the parties' arguments "contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6). An appellant must assert assignments of error with particularity and support positions with sufficient authority or the issues are waived for purposes of appeal. *PHH Mortg. v. Nickerson*, 164 Idaho 33, 38, 423 P.3d 454, 459 (2018). As Roberts does not do so, he waives any claims regarding the district court's award of attorney fees and costs.

Third, Roberts contends the district court erred by finding that bond was required in this case because he characterizes this case as a habeas corpus case and asserts that bond is not required in what is "essentially" a habeas corpus lawsuit. Alternatively, he argues he filed a motion for bond on February 6, 2018, but the district court did not address the motion. Roberts provides no authority to support his claim that his civil tort complaint should be construed as a habeas corpus petition; therefore, he has waived the issue. *Powell*, 130 Idaho at 128, 937 P.2d at 440. We will read the complaint as drafted, which has none of the hallmarks of a habeas petition and all the characteristics of a general civil case, including a request for monetary damages. In reading the complaint, it clearly alleges a civil claim against a prosecuting attorney pursuant to the Idaho Tort Claims Act.

Civil actions against law enforcement officers, including prosecuting attorneys, are governed by I.C. § 6-610. Idaho Code § 6-610 provides in part:

> (2) Before any civil action may be filed against any law enforcement officer or service of civil process on any law enforcement officer, when such action arises out of, or in the course of the performance of his duty, or in any action upon the bond of any such law enforcement officer, the proposed plaintiff or petitioner, as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint or petition in any such action, a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court. The purpose of this requirement is to ensure diligent prosecution of a civil action brought against a law enforcement officer, and in the event judgment is entered against the plaintiff or petitioner, for the payment to the defendant or respondent of all costs and expenses that may be awarded against the plaintiff or petitioner, including an award of reasonable attorney's fees as determined by the court.
>
> . . . .
>
> (4) At any time during the course of a civil action against a law enforcement officer, the defendant or respondent may except to either the plaintiff's or petitioner's failure to file a bond or to the sufficiency of the sureties or to the amount of the bond.
>
> (5) When the defendant or respondent excepts to the plaintiff's or petitioner's failure to post a bond under this section, the judge shall dismiss the case.

Based on the plain language of the statute, posting a bond is mandatory pursuant to I.C. § 6-610; thus, the district court did not err by finding that bond was required in this case. We also note that there is nothing in the record indicating that Roberts filed a bond or motioned for a bond as he claims.

Fourth, Roberts contends the district court erred in denying the I.R.C.P. 60(b) motion because there was newly discovered evidence showing the respondents admitted liability. Roberts argues that had the evidence been considered in the I.R.C.P. 60(b) motion, it would have established a triable issue under subsection (l) or (3) of the Idaho Tort Claims Act, thereby precluding summary judgment. It is unclear from Roberts' briefing if he is challenging the district court's grant of summary judgment or the court's denial of Roberts' motion for reconsideration. More importantly, Roberts does not identify or include in the record the alleged new evidence wherein the respondents admit liability. This lack of clarity is fatal to Roberts' claim. *See PHH Mortg.*, 164 Idaho at 38, 423 P.3d at 459. Additionally, Roberts provides no relevant authority in support of this claim and has therefore waived this issue on appeal. *Powell*, 130 Idaho at 128, 937 P.2d at 440.

Finally, Roberts alleges the district court erred in allowing Siddoway to be dismissed as a party because there was evidence of Siddoway's admitted malice and intentional tortious acts in the record. In his response to Teton County's motion for summary judgment, Roberts' attorney conceded that Siddoway was "entitled to dismissal" because she was not the prosecutor until after the judgments were entered in Roberts' cases and because she was entitled to absolute prosecutorial immunity. However, he asked that Siddoway be dismissed without prejudice so that if he decided to allege claims for which Siddoway might be liable, he would not be precluded from making those claims at a future date. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *Thomson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009). One may not complain of errors one has consented to or acquiesced in. *Id*. In short, invited errors are not reversible. *Id*. Because Roberts stipulated to the dismissal of Siddoway, he cannot now claim the district court erred by dismissing her.

D. **Attorney Fees on Appeal**

Respondents seek attorney fees on appeal pursuant to I.C. § 6-918A. Respondents argue that Roberts' improperly brought this civil case as an attempt to collaterally challenge his prior convictions and, therefore, it is clear this case and appeal have been brought and maintained in bad faith. Under I.C. § 6-918A, attorney fees may be awarded upon "a showing, by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action." Bad faith is defined as dishonesty in belief or purpose. *Renzo v. Idaho State Dep't of Agric.*, 149 Idaho 777, 781, 241 P.3d 950, 954 (2010). Respondents have shown that Roberts proceeded with bad faith in this appeal. Therefore, we award costs and attorney fees on appeal to respondents.

IV.

CONCLUSION

We affirm the district court's judgment dismissing the complaint, order denying Roberts' motion for reconsideration, and order awarding attorney fees to respondents. Respondents are entitled to costs and attorney fees on appeal.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

10